## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    )
          )
   v.       )
          )
RHISHAWN MCNEIL,   )
          )  ID No. 1501016141
   Defendant.   )
          )
          )

Date Submitted: July 9, 2025
Date Decided: October 7, 2025

### ORDER

Having considered the Defendant's Motions for Correction of Illegal Sentence and Postconviction Relief, it appears to the Court that:

1. On May 6, 2016, Defendant pled guilty to Murder in the Second Degree and Possession of a Firearm During the Commission of a Felony.  On August 2, 2016, this Court sentenced Defendant to 30 years at Level V, suspended after 22 years followed by various Levels of probation for Murder in the Second Degree. Defendant was sentenced to the mandatory minimum of three years at Level V with no probation to follow for Possession of a Firearm During the Commission of a Felony ("PFDCF").  Defendant received a total of 25 years unsuspended Level V time.

2. Defendant has filed two previous Superior Court Criminal Rule 35(b) motions to reduce or modify his sentence. Both were denied. Defendant has now moved to correct an illegal sentence and seeks postconviction relief.

3. On June 30, 2025, Defendant filed a motion for postconviction relief under Superior Court Criminal Rule 61. Defendant claims that his plea was not made knowingly, voluntarily, and intelligently given the recent United States Supreme Court decision, *Erlinger v. United States*.[1] Defendant asserts that counsel was ineffective for failing to inform Defendant of his rights under *Erlinger*.[2]

4. On July 14, 2025, Defendant filed a motion under Superior Court Criminal Rule 35(a) for correction of an illegal sentence. Like his Rule 61 motion, Defendant argues that his sentence was illegally enhanced under *Erlinger*.[3] For clarity, the Court first addresses Defendant's Rule 35(a) motion.

5. The Court "may correct an illegal sentence at any time"[4] when the sentence exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

6. In *Erlinger*, the United States Supreme Court recognized that when "any fact . . . increases the prescribed range of penalties to which a criminal defendant is

---

[1] 602 U.S. 821 (2024).
[2] *Id.*
[3] *Id.*
[4] Super. Ct. Crim. R. 35(a)–(b).
[5] *Morris v. State*, Del. Supr., No. 122, 2025, at 2–3, Traynor, J. (Sept. 3, 2025) (ORDER).

exposed[,]" the Constitution mandates resolution "by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[6]

7. Murder in the Second Degree is a Class A felony under Delaware law that carries a minimum sentence of 15 years up to life at Level V.[7] PFDCF is a Class B felony that carries a minimum sentence of three years at Level V probation, notwithstanding Sections 4205(b)(1) and 4215.[8]

8. The sentences imposed by this Court for Murder in the Second Degree and PFDCF were not enhanced. It was within the statutory limits and the Court's discretion to sentence Defendant to 30 years at Level V suspended after 22 years for Murder in the Second Degree and to the mandatory minimum of three years for PFDCF.

9. Defendant's Rule 35(a) motion lacks merit because the sentence imposed by this Court was not illegal. Moreover, Defendant freely entered into a guilty plea, admitting to the facts leading to his conviction. Accordingly, *Erlinger* is inapplicable here. Thus, Defendant's motion to correct an illegal sentence is **DENIED**.

---

[6] 602 U.S. at 334 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (internal quotation marks omitted); *see also Morris*, Del. Supr., No. 122, 2025, at 3–4.
[7] 11 *Del. C.* § 635; 11 *Del. C.* § 4205(b)(1).
[8] 11 *Del. C.* § 1447A(a)–(b).

10. Defendant also moved for postconviction relief. There are various procedural bars that a defendant must overcome before the merits of a claim may be considered. Specifically, a motion for postconviction relief

> may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[9]

11. Defendant's Rule 61 motion is untimely. Defendant was sentenced on August 2, 2016, and Defendant did not file a direct appeal. Defendant filed the instant motion on June 30, 2025. Defendant, however, asserts that the constitutional limitation on enhanced sentencing articulated in *Erlinger* is a retroactively applicable right. The Court disagrees. As discussed above, Defendant's sentence was not enhanced for either crime. Defendant was sentenced within the statutory limits, Defendant freely entered into a guilty plea, and no previous crimes were considered by this Court in sentencing.

12. Consequently, there is no retroactively applicable right that applies to this case, making the motion untimely and barred from being considered on the merits.

---

[9] Super. Ct. Crim. R. 61(i)(1).

Thus, Defendant's motion for postconviction relief is **SUMMARILY DISMISSED**.[10]

      **IT IS SO ORDERED.**


                                    */s/ Calvin L. Scott*
                                    Judge Calvin L. Scott, Jr.

---

[10] "If it plainly appears from the motion for postconviction . . . that the movant is not entitled to relief, the [court] may enter an order for its summary dismissal and cause the movant to be notified." Super. Ct. Crim. R. 61(d)(5).